# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **COUIE EUGENE SPARKS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CIV-05-434-JHP |
| ) | |
| **GEICO CASUALTY COMPANY,** ) | |
| a foreign corporation, d/b/a GEICO ) | |
| ) | |
| **Defendant.** ) | |

### Opinion and Order

Pursuant to 28 U.S.C. § 1447(c) and upon its own motion, the Court raises the issue of its subject matter jurisdiction over this case under 28 U.S.C. § 1441. For the reasons stated below, the Court ORDERS that this case be remanded to the District Court in and for Tulsa County.

### Background

On or about December 9, 2004, Plaintiff Couie Eugene Sparks's 2002 Chevrolet Avalanche was allegedly stolen. The vehicle was subsequently discovered by police in a field, burned beyond repair. Plaintiff's automobile was insured by Defendant GEICO Casualty Company. Following the alleged theft, Plaintiff contacted Defendant and reported the alleged theft, making a claim for payment under his automobile insurance policy.

Upon investigating Plaintiff's claim, Defendant obtained evidence that it believed implicated Plaintiff in the theft. Based on this evidence, as well as Plaintiff's failure to cooperate in the investigation and some misrepresentations Plaintiff allegedly made to Defendant both before and during the claims process, Defendant eventually denied Plaintiff's claim, although it reached a settlement with Plaintiff's lienholder. While Defendant's investigation was in

progress, however, Plaintiff filed suit on May 9, 2005 in the District Court for Tulsa County seeking damages for Defendant's alleged failure to immediately pay the value of Plaintiff's claim. In his request for relief, Plaintiff did not request a specific amount of money. Instead, Plaintiff requested, among other things, actual damages in excess of $10,000 and punitive damages in excess of $10,000.[1]

In response to Plaintiff's suit, Defendant submitted various requests for admission and interrogatories relating to the amount in controversy. Plaintiff, however, failed to admit or deny that he sought in excess of $75,000 in these requests and interrogatories, instead claiming that he was "without sufficient information at [the] time to admit or deny," (Def. Notice Ex. A at 7), and that whether he ultimately sought damages exceeding $75,000 was "[u]nknown at [the] time." (Def. Notice Ex. B at 13-14.)

Based upon this evidence and its belief that the amount in controversy exceeded $75,000, Defendant removed the case to this Court, asserting that this Court possessed jurisdiction under 28 U.S.C. § 1441, on the ground that this Court would have had original jurisdiction over the civil action under 28 U.S.C. § 1332.[2] The Court notes that Plaintiff failed to file any motions objecting to this Court's subject matter jurisdiction under the relevant statutes. Nevertheless, "[s]ubject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873

---

[1] Oklahoma pleading rules generally require that "[e]very pleading demanding relief for damages in money in excess of Ten Thousand Dollars ($10,000) shall...set forth only that amount sought as damages is in excess of Ten Thousand Dollars ($10,000), except in actions sounding in contract." Okla. Stat. tit. 12, § 2008(2).

[2] The Court notes that at the time of removal, there were two defendants in this case: GEICO Casualty Co. and GEICO Indemnity Co. Nevertheless, because GEICO Indemnity is no longer a party to this proceeding and the Court's reasoning applies equally to both Defendant and GEICO Indemnity, the Court need not address the status of GEICO Indemnity separately.

(10th Cir.1995). Instead, "if the parties fail to raise the question of the existence of jurisdiction, the federal court has the duty to raise and resolve the matter." *Id.* Moreover, 28 U.S.C. § 1447(c), which governs procedure after removal, explicitly contemplates such an occurrence by providing that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Thus, the Court, on its own motion, now raises and addresses the issue of its subject matter jurisdiction in the present case.

## Discussion

"Except as otherwise expressly provided...any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States...embracing the place where such action is pending." 28 U.S.C. § 1441(a). In this case, Defendant alleges that this Court has original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332, which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1). The uncontested record establishes that Plaintiff is a citizen of Oklahoma, and Defendant, as a business incorporated and with its principal place of business in Maryland, appears to be a citizen of Maryland. *See* 28 U.S.C. 1332(c)(1) ("For the purposes of [section 1332] and section 1441...a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."). Thus, the only remaining issue under § 1332 is whether the amount in controversy exceeds $75,000.

In *Laughlin v. Kmart Corp.*, the Tenth Circuit set forth the framework by which courts should measure whether the amount in controversy requirement has been satisfied:

> The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. The burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000].'" Moreover, there is a presumption against removal jurisdiction.

*Laughlin*, 50 F.3d at 873 (citations omitted) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)). As *Laughlin* makes clear, the amount in controversy "must be affirmatively established on the face of either the petition or the removal notice." *Id*. Moreover, "at a minimum...the jurisdictional amount [must] be shown by a preponderance of the evidence." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

In this case, Plaintiff's state court petition clearly fails to establish that the amount in controversy exceeds $75,000. Thus, Defendant had the burden of setting forth in its notice of removal sufficient *underlying facts* to support its assertion that the amount in controversy exceeded the jurisdictional limit. *See Barber v. Albertsons, Inc.*, 935 F. Supp.1188, 1192 (N.D. Okla.1996) ("[T]he plain language of *Laughlin* requires a removing defendant to set forth, in the removal documents, not only the defendant's good faith belief that the amount in controversy exceeds [$75,000], but also facts underlying defendant's assertion."). As a practical matter, the Tenth Circuit's ruling in *Laughlin* strongly implies that a defendant must provide an economic analysis to support its contention that the amount in controversy requirement has been satisfied. *See Fields v. Progressive Preferred Ins. Co.*, No. 06-CV-0459-CVE-SAJ, 2006 WL 2645143, at *2 (N.D. Okla. Sept. 12, 2006); *Lightle v. Hartford Ins. Co. of the Midwest*, No. 06-CV-0140-CVE-FHM, 2006 WL 1047061, at *2 (N.D. Okla. April 19, 2006); *Archer v. Kelly*, 271 F. Supp. 2d 1320, 1322 (N.D. Okla. 2003).

In support of its contention that the amount in controversy exceeds $75,000, Defendant offers: (1) its estimate that Plaintiff seeks approximately $25,000 for his breach of contract claim, (2) Plaintiff's additional damage claim for bad faith, (3) Plaintiff's refusal to respond affirmatively or negatively to discovery requests relating to the amount in controversy, (4) Defendant's opinion that Plaintiff would accept a judgment in excess of $75,000, and (5) Defendant's observation that unspecified bad faith damage claims frequently exceed $75,000 in settlement value.  (Def. Notice ¶¶ 7-10 at 2-3.)  Defendant concludes that "based upon the foregoing, it is more likely than not that the amount in controversy exceeds $75,000."  (Def. Notice ¶ 10 at 3.)

In spite of Defendant's contentions, the Court finds the supporting facts that Defendant offers to be insufficient to meet its burden under *Laughlin*.  First, Defendant's opinion that Plaintiff would *accept* an amount in excess of $75,000, in addition to being unsupported except for a vague claim that Plaintiff appears to be attempting to "maximize his recovery," (Def. Notice ¶ 10 at 3), is irrelevant to a determination of whether the amount in controversy actually exceeds a particular value.  Likewise, Defendant's conclusory observation that bad faith recoveries in other cases frequently exceed $75,000 fails to meet Defendant's burden to provide underlying facts sufficient to support a finding that the jurisdictional limit has been met *in this case*.  See *Fields v. Progressive Preferred Ins. Co.*, No. 06-CV-0459-CVE-SAJ, 2006 WL 2645134, at *3 (N.D. Okla. Sept. 12, 2006) (finding that "invocation of state law limits on punitive damages does not establish the underlying facts necessary to fix the amount in controversy); *Flowers v. EZPawn Oklahoma Inc.*, 307 F. Supp. 2d 1191, 1200 (N.D. Okla. 2004) (concluding that defendant's list of verdicts in unrelated cases and its observation that "'[p]unitive damage awards in Oklahoma can be extremely large'" failed to satisfy burden of

providing underlying facts of amount in controversy). For the same reason, Defendant's reference to Plaintiff's bad faith claim, in which Defendant provides a summary of Plaintiff's reasons for seeking recovery,[3] does not provide any meaningful way by which to judge the value of that claim. *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1291 (observing that defendant's "mere summary" of plaintiff's allegations and requested relief "does not provide the requisite facts lacking in the complaint"). In addition, although the Court agrees that Plaintiff's refusal to answer requests for admissions and interrogatories may provide some evidence that the amount in controversy exceeds $75,000, "the law in this district is clear that a plaintiff's denial of a request for admission, standing alone, is not a sufficient basis for removal." *Blackburn v. Warren Power & Machinery, L.P.*, No. 06-CV-0419-CVE-FHM, 2006 WL 2708618, at *3 (N.D. Okla. Sept. 20, 2006); *see also Barber v. Albertsons, Inc.*, 935 F. Supp.1188, 1191 (N.D. Okla. 1996); *Johnson v. Wal-Mart Stores*, Inc., 953 F. Supp. 351, 353 (N.D. Okla.1995).

The only underlying fact providing any certainty as to the amount in dispute is Defendant's assertion that "Plaintiff is apparently seeking approximately $25,000.00 for his breach of contract claim." (Def. Notice ¶ 7 at 2-3). Presumably, Defendant bases its estimate on either the value of the underlying insurance policy or the value of Plaintiff's automobile, although Defendant never explicitly states its grounds for this conclusion. Assuming Defendant's estimate is accurate, however, Defendant nevertheless only affirmatively demonstrates an underlying amount in controversy of $25,000. Even when considering this estimate in light of Plaintiff's failure to deny that he seeks an amount in excess of $75,000, the

---

[3] Defendant states that Plaintiff seeks bad faith damages "for his alleged financial loss, embarassment, loss of reputation, and mental pain." (Def. Notice ¶ 7 at 3.) Importantly, Defendant fails to provide any means, other than conjecture, by which the Court may quantify and evaluate these alleged injuries.

Court simply cannot conclude that it is more likely than not that the amount in controversy exceeds the jurisdictional limit. To reason from the limited amount of Plaintiff's breach of contract claim to a sum in excess of $75,000 would require the Court to engage in pure speculation. Instead, given the Tenth Circuit's above-noted presumption against removal, and ever mindful that "statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed," *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-1095 (10th Cir. 2006), the Court concludes that Defendant has failed to present underlying facts establishing by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000.

The Court is not without sympathy for the difficult position in which the removal statutes place defendants, particularly in cases such as this one, when the underlying breach of contract claim fails to exceed $75,000 but the value of the remaining claims is too indefinite to support removal. Nevertheless, "'subject matter jurisdiction is not a matter of equity or of conscience or of efficiency,' but is a matter of the 'lack of judicial power to decide a controversy.'" *Laughlin*, 50 F.3d at 874 (quoting Shaw v. Dow Brands, Inc., 994 F.2d 364, 371 (7th Cir. 1993) (Shadur, J. dissenting)).

## Conclusion

For the foregoing reasons, the Court hereby orders the Court Clerk to remand this case to the District Court in and for Tulsa County.

IT IS SO ORDERED this 20th day of October 2006.

James H. Payne
United States District Judge
Northern District of Oklahoma